IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **JOWELL C. MORGAN,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:06-cv-50 (HL) |
| **GEORGIA POWER CO.,** | : | |
| Defendant. | : | |

## ORDER

Before the Court is a Motion to Compel (Doc. 20) filed by Defendant Georgia Power Company ("Georgia Power"). For the reasons set forth below, the Motion is granted.

**I. FACTS**

The parties in this Title VII case are currently embroiled in a discovery dispute which prompted the filing of Georgia Power's Motion to Compel. Since that Motion was filed, a number of the problems discussed therein have been addressed, as noted in the Response (Doc. 38) of Plaintiff Jowell C. Morgan ("Morgan"). However in its Reply (Doc. 39), Georgia Power identifies four outstanding issues left for the Court to resolve.

**II. STANDARDS**

During discovery, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Furthermore, "[r]elevant information need not be admissible at trial if the discovery appears

1

reasonably calculated to lead to the discovery of admissible evidence." Id. However, a court is empowered to limit discovery, especially if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

The Federal Rules of Civil Procedure allow a party to move to compel an answer to an interrogatory or production of documents. Fed. R. Civ. P. 37(a). The party moving to compel discovery must include a certification that it has in good faith conferred or attempted to confer with the resisting party in an effort to secure the disclosure without court action. Fed. R. Civ. P. 37(a)(2)(A)-(B). Rule 37 also provides, in relevant part, that

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 37(a)(4). The Supreme Court of the United States has elaborated that a party's objection to a discovery request is substantially justified if the objection raises an issue about which there is a genuine dispute or if reasonable people could differ as to the appropriateness of the discovery request. See Pierce v. Underwood, 487 U.S. 552, 565 (1988).

### III. ANALYSIS

#### A. Authorization for Release of Military Records

Georgia Power's Document Request No. 5 sought for Morgan to execute an authorization for the release of his military records. Questions exist in this case regarding leave Morgan allegedly took from work to serve in the armed forces and when he was notified about it. Therefore, this information is relevant and discoverable. Instead of disputing this fact, Morgan indicated that he would execute such a release. (Doc. 38 at 5.) Nonetheless, Georgia Power contends it has not received the completed authorization despite its good faith efforts to obtain it. Accordingly, the Court orders Morgan to complete the authorization for release of his military records and submit it to Georgia Power no later than ten (10) days from the entry of this Order on the docket.

### B.    Authorization for Release of Tax Records

Georgia Power's Document Request No. 7 sought for Morgan to execute an authorization for the release of certain tax information. This information is relevant to the issues of mitigation and damages and is certainly discoverable. Instead of disputing this fact, Morgan indicated that he would execute such a release. (Id.) Nonetheless, Georgia Power contends it has not received the completed authorization despite its good faith efforts to obtain it. Accordingly, the Court orders Morgan to complete the authorization for release of his tax information and submit it to Georgia Power no later than ten (10) days from the entry of this Order on the docket.

### C.    Personal Notes

Georgia Power's Document Request No. 3 asked that Morgan produce, among other things, any of his personal notes related to his claims in the present case. Such notes are

clearly discoverable, and Morgan does not dispute that fact. Instead, Morgan's Response indicates that he has already produced his notes regarding the case, though it is unclear whether that has occurred.[1] Accordingly, Morgan is ordered to submit any of his personal notes related to his claims in the present case that he has not already produced to Georgia Power no later than ten (10) days from the entry of this Order on the docket.

### D. Reasonable Expenses and Attorney's Fees

Georgia Power has requested the attorney's fees and costs it incurred as a result of its having to file its Motion to Compel. In so moving, Georgia Power has detailed the unsuccessful good faith efforts it undertook to secure the discovery in question without the Court's involvement. Morgan's Response offers a number of excuses for his noncompliance, including that: (1) Morgan's counsel has "encountered difficulty in complying with Defendant's request because the Plaintiff has relocated in the last twelve months," (2) Morgan has not willfully withheld discoverable information, (3) Georgia Power elicited much of the information it sought to discover during Morgan's deposition, (4) Morgan has, in fact, complied with Georgia Power's discovery requests, (5) Morgan's nondisclosures were substantially justified, and (6) an award of attorney's fees would create a financial hardship for Morgan. Georgia Power's Reply refutes these excuses.

The Court is dissatisfied that Morgan's numerous explanations for his inability to

---

[1] Georgia Power's Reply appears to indicate that Morgan may have found or produced to his attorney additional notes not yet disclosed to Georgia Power.

comply with simple discovery requests constitute a substantial justification for that failure.[2]
Despite announcing that he has such a "substantial justification," Morgan has fallen short of showing it thus far. Vague explanations that Morgan's counsel has struggled to produce documents due to his client's relocation "within the last twelve months" are no more convincing than Morgan's protestations that he has complied with requests when it is clear he has not. Similarly, whether Georgia Power was able to elicit information during Morgan's deposition that Georgia Power earlier sought in discovery does not excuse a failure to produce that information at the appropriate time. Nonetheless, the Court shall afford Morgan an opportunity to be heard on this matter before it rules on the propriety of awarding expenses and attorney's fees to Georgia Power.

## IV. CONCLUSION

The Motion to Compel (Doc. 20) filed by Georgia Power is granted. Morgan is ordered to submit the various documentation and discovery designated above no later than ten (10) days from the entry of this Order on the docket. In addition, within twenty (20) days of the date of docketing this order, Georgia Power shall submit a documentation of fees and expenses incurred in making its Motion to Compel. Thereafter, the Court will schedule a

---

[2] The Court rejects Morgan's assertion that Georgia Power's interrogatories contain over 55 questions. The interrogatories contain 13 questions. Despite the fact that some of the interrogatories call for multiple answers, or even that they encompass subsections, the questions do not exceed 25 in number including discrete subparts. For example, Interrogatory No. 1 asked Morgan to "[i]dentify each person who you contend has knowledge of the facts or circumstances described in your Complaint and your Initial Disclosures." (Doc. 20, Ex. A at 6.) That the interrogatory continued to include various specific allegations from Morgan's Complaint and Initial Disclosures does not multiply the question—it clarifies it.

5

hearing at which Morgan and his counsel will be permitted to address the issue of sanctions and the reasonableness of the fees and expenses submitted by Georgia Power's counsel.

**SO ORDERED**, this the 16th day of April, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl